TATE, Judge.
The plaintiff Mrs. Moran alleges she was injured in the course of her employment, and she and her husband bring suit against her employer’s insurer for work *2 men’s compensation benefits, including medical expenses. The trial court dismissed the suit, holding that Mrs. Moran had not proved that she was injured while at work. The plaintiffs appeal.
The medical evidence does indicate without contradiction that Mrs. Moran is now disabled bj' an injury to the sheath covering the tendons entering the hand from the right wrist (“tendovaginitis stenosans”). This injury is disabling, although it can be relieved by relatively minor surgery. The cause of the injury is repeated stress or a direct blow or other mechanical irritation of the tendon sheath.
The essential question before us is whether the injury was sustained at work, as testified by Mrs. Moran, or whether instead it is a condition pre-existing her employment.
The plaintiff Mrs. Moran was employed at an egg farm. Her duties required her to lift repeatedly fifteen-pound baskets of eggs from the floor. She testified that while doing so her right arm began to hurt and a knot appeared on her right wrist, and that it became painful to continue to lift with her arm.
Mrs. Moran testified that she immediately showed the swelling or knot to her coworkers when the injury occurred on the second day of her employment. However, these two co-workers stated instead that Mrs. Moran had showed them the swelling on the second day she returned to work, without indicating that the injury had occurred on the job. Mrs. Moran continued to perform her duties for about three more days, before she reported to a local doctor, who then diagnosed the cause of her swelling and pain as the tendon condition.
Mrs. Moran’s aunt testified that Mrs. Moran’s arm was already; injured and the knot on the right wrist was already evident on the evening before Mrs. Moran first reported to her employment. This testimony is corroborated by the aunt’s son. The aunt further stated that she had overheard Mrs. Moran state that she had injured her arm while digging potatoes the week before. The testimony of the aunt and her son is contradicted by that of Mrs. Moran’s mother and two sisters, who were also at the aunt’s home at the same time on the evening before Mrs. Moran reported for her employment.
The medical testimony indicates that digging potatoes as well as lifting egg baskets could be the cause of the plaintiff’s wrist condition.
The essential issue before the trial court was factual, involving essentially an evaluation of the credibility of opposing witnesses. We find no manifest error in the trial court’s accepting the testimony of the aunt and her son, and in discounting as incorrect the plaintiff’s version of the source of her wrist injury. In the absence of manifest error, the appellate courts do not disturb the trial courts’ factual determinations.
Insofar as plaintiff Mrs. Moran’s working may have temporarily aggravated her condition, the record reflects that she was paid workmen’s compensation for several weeks. The medical evidence does not prove any residual disability of the pre-existing condition attributable to Mrs. Moran’s stress at work.
Accordingly, at the cost of the plaintiffs-appellants, the trial court’s dismissal of the plaintiffs’ suit is
Affirmed.